UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LEVI J. SLOAN,                              ) | |
|          Petitioner-Defendant,   ) | |
| v.                                                  ) | Case No. 18-cr-40051 |
| UNITED STATES OF AMERICA,       ) | |
|          Respondent-Plaintiff.     ) | |

## ORDER AND OPINION

**SARA DARROW, Chief U.S. District Judge:**

Before the Court is Petitioner-Defendant Levi J. Sloan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (d/e 24). Sloan argues that his attorney was ineffective for not adequately challenging the drug quantity calculations under the advisory Sentencing Guidelines. However, as explained below, the Court finds that Sloan's Motion (d/e 24) must be DENIED as untimely and, alternatively, on the merits.

## I. BACKGROUND

On May 9, 2019, Sloan pled guilty to four counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 1, 2, 3, 5), three counts of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Counts 4, 6, 7), and one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

The United States Probation Office prepared a revised Presentence Investigation Report in anticipation of sentencing. *See* PSR, d/e 16. The PSR determined that Sloan's base offense

level was 32 based on a finding that he was reasonable for at least 150 grams but less than 500 grams of ICE methamphetamine. The PSR also determined that Sloan qualified as a career offender under the advisory Sentencing Guidelines due to his prior offenses in Illinois for manufacturing methamphetamine and unlawful possession of cannabis. PSR ¶45. Since Sloan's statutory maximum sentence was life imprisonment, his base offense level became 37. PSR ¶45; USSG § 4B1.1(b)(1). After deductions for acceptance of responsibility, the PSR calculated his total offense level as 34. Along with his criminal history category of VI, the PSR calculated his advisory Sentencing Guidelines range as 262 to 327 months' imprisonment on counts 4, 6, 7, and 8, and the statutory maximum of 240 months on counts 1, 2, 3, and 5. PSR ¶107. Without the career offender designation, his advisory Sentencing Guidelines range would have been 140 to 175 months' imprisonment.

    Through counsel, Sloan filed written objections to the drug weight attributable to Sloan in the PSR. *See* d/e 19. However, counsel acknowledged that Sloan would be at the same drug offense level with or without resolution of the objections. Sloan's counsel also reiterated his objections to the PSR in his Sentencing Memorandum and recommended a substantial downward variance. *See* d/e 20. Counsel argued that because the career offender enhancement essentially doubled Sloan's sentencing range, a sentence within that range would be substantively unreasonable. *Id.*

    Sloan's sentencing hearing was held on October 7, 2019.[1] Pursuant to Rule 32, the Court declined to rule on the objections to the drug quantity calculations because they did not impact the advisory Sentencing Guidelines calculations. *See* Statement of Reasons, d/e 23. However,

---

[1] The Government has cited to the sentencing hearing transcript in its response to Sloan's 2255 motion, but no transcript appears on the record. However, the Court finds that the details of the sentencing hearing are not necessary to resolve this motion.

the Court agreed with defense counsel's arguments that a downward variance was warranted. *Id.* The Court sentenced Sloan to a substantially below-guidelines sentence of 140 months' imprisonment on each of Counts 1-8 to be served concurrently and concurrent to his state court sentence, followed by three years of supervised release on Counts 1-3 and 5, four years of supervised release on Counts 4, 6, 7, and five years of supervised release on Count 8. *See* Judgment, d/e 21. Sloan did not appeal.

On July 7, 2021, Sloan filed this Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 (d/e 24). He argues that he received ineffective assistance of counsel because counsel did not adequately argue against the drug quantities for which he was found accountable under the Sentencing Guidelines. The Government has filed a response (d/e 27), arguing that that Sloan's motion is untimely and that it fails on the merits. Sloan has filed a reply (d/e 35). This Order now follows.

## II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on

collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002).

### III. DISCUSSION

Sloan argues he received ineffective assistance of counsel when counsel failed to adequately challenge his advisory Sentencing Guidelines calculation. However, Sloan's motion was filed beyond the one-year statute of limitations and he has not shown that equitable tolling is warranted. Moreover, on the merits, he has not shown that he received ineffective assistance of counsel.

**A. Sloan's § 2255 Motion is Untimely.**

Sloan's Motion was filed well-past the statute of limitations. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The timeliness of each claim must be considered independently. *Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016).

Here, Sloan's claims are not timely under § 2255(f)(1). The judgment in this case was entered on October 8, 2019. His judgment of conviction became final fourteen-days later, on

October 22, 2019, when he did not file an appeal. Sloan, however, did not file this motion until July 7, 2021, over a year and nine months after his judgment of conviction became final.

Sloan's claims are also not timely under § 2255(f)(3) either. His arguments are rooted in his right to effective assistance of counsel, which was established many years ago in *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Finally, his claims are not timely under § 2255(f)(2) or § 2255(f)(4). While Sloan argues that the COVID-19 pandemic hindered his access to the law library, Sloan has identified no governmental action that was "in violation of the Constitution or laws of the United States" that *prevented* him from making his motion for purposes of § 2255(f)(2). *See also Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (addressing identical language under § 2244(d)(1)(B) and finding that "the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition."). Sloan's claims also do not rely on any new facts that could be used to support a finding of timeliness under § 2255(f)(4).

Sloan, however, argues that equitable tolling should apply. In exceptional circumstances, a court may find equitable tolling appropriate and deem an untimely § 2255 motion as timely. The Supreme Court has held equitable tolling is only available if the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. Diguglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The petitioner seeking the tolling has the burden of demonstrating both elements of the *Holland* test. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). And, if either element is not met, the petitioner is not entitled to equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755-56 (2016).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870 (citations and quotation marks omitted).

Here, Sloan, like many inmates, faced barriers to legal research during the one-year filing period under § 2255(f) due to the COVID-19 pandemic. However, as explained above, Sloan has fallen short of explaining how the extraordinary circumstances created by the COVID-19 pandemic *prevented* timely filing. Additionally, the Seventh Circuit has held that a prisoner's limited access to a prison law library is not grounds for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Notably, at no time during this pandemic have litigants been unable to file pleadings with the Court. *See Vanderark v. Greene*, No. 20-1417, 2021 WL 2228059, at *3 (C.D. Ill. June 2, 2021) ("Numerous habeas petitions have been filed in this Court over the last year. . . despite limitations caused by the COVID-19 pandemic.").

Moreover, Sloan has not shown that he diligently pursued his claim. Sloan argues that he tried to contact his former defense counsel after his conviction. After several months went by, he learned that his former defense counsel had passed away. Sloan argues that shortly after learning about his former defense counsel's passing, the prisons went into lockdown due to the COVID-19 pandemic. Sloan's former counsel, Donovan Robertson, passed away on March 23, 2020, right around the time COVID-19 pandemic restrictions began. Sloan has not explained why he was not able to pursue his claim prior to being informed of his former counsel's passing and prior to the COVID-19 pandemic, when law library access was not limited. Moreover, he has not explained any steps he took to pursue his claim while law library access was limited. Sloan's § 2255 motion was not due until October 22, 2020. While law library access may have been

limited, he does not allege that he was prevented from researching his claim if he had been diligent.

Even if some of this time could be equitably tolled, Sloan has presented no facts from which the Court could infer that he diligently pursued his claims both before and during the COVID-19 pandemic. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) (collecting cases and holding that petitioner needed to show that "he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place"). Accordingly, the Court finds that Sloan's § 2255 Motion is untimely and his claims cannot be equitably tolled.

### B. Sloan's Ineffective Assistance of Counsel Claims Are Meritless

Alternatively, even if the COVID-19 pandemic could justify Sloan's nine month delay in filing his motion, the Court finds that Sloan's claim of ineffective assistance of counsel is meritless. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* two-part test, Sloan must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

Sloan argues that counsel should have objected to the drug quantities which were attributed to him under the advisory Sentencing Guidelines. However, defense counsel did object to the drug quantity findings. *See, e.g.,* d/e 19, 20. Resolving the objections would not have changed his drug offense level. Even if his objections were sustained, he would still have been held accountable for over 150 grams of ICE methamphetamine and subject to a base offense level of 32 without the career offender designation. On this record, Sloan cannot show his counsel's performance was deficient, let alone that he suffered any prejudice for failing to more diligently argue his objections to the drug quantity findings.

In his reply, Sloan also argues that counsel should have argued against the career offender designation. Specifically, he argues that his prior conviction for participation in methamphetamine manufacturing was not a qualifying controlled substance offense because it was a "participation" crime. New arguments may not be raised for the first time in a reply. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). However, because Sloan is proceeding *pro se* the Court will liberally interpret this argument as a motion to amend pursuant to Federal Rules of Civil Procedure 15(a)(2). *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594 (1972) (holding that courts should liberally construe *pro se* pleadings as a matter of course).

However, even as construed as a motion to amend, the argument is frivolous and must be denied. Like his initial claim, this claim is also time-barred under 28 U.S.C. § 2255(f). Sloan's underlying argument also fails on the merits. Sloan points to the Sixth Circuit case of *United*

*States v. Havis,* 927 F.3d 382 (6th Cir. 2019), which held that attempt crimes do not qualify as controlled substance offenses under § 4B1.2(b). *Id.* at 387. *Havis* is of no avail to Sloan. The Seventh Circuit has declined to follow *Havis,* holding instead that inchoate crimes *can* qualify as controlled substance offenses. *See United States v. Adams*, 934 F.3d 720, 729 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 824 (2020). More importantly, Sloan was not convicted of an attempt crime, but of participation. He has advanced no support for his argument that a "participation" crime does not qualify as a controlled substance offense. Accordingly, counsel was not deficient for failing to raise this meritless claim, nor can Sloan show any prejudice due to defense counsel's failure to raise this claim. *See also, Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

Additionally, while the Court found that the Sentencing Guidelines were correctly calculated, Sloan was sentenced to a significantly below guideline sentence of 140 months' imprisonment after the Court found that the career offender designation was not helpful or fair in this case. Accordingly, because the Court already sentenced Sloan without regard to the career offender designation, Sloan cannot show how further arguments regarding his career offender designation would have impacted the outcome. His motion must, therefore, be denied.

### C. Sloan's Motion to Access Court Documents is Denied.

Sloan has also filed a Motion to Access Court Documents (d/e 31). He requests a copy of the docket sheet, judgment, probation sentencing recommendation report, and sentencing transcript. Sloan had access to all pleadings and documents during the pendency of this case. He has not indicted why any of these documents would have assisted with his preparation of his reply and he has now filed a reply without aid of these documents. Nor would any of these

documents have helped Sloan escape the Court's finding that his claim is untimely. Additionally, as noted above, there is no sentencing transcript on the record that the Court can send to him. Accordingly, this motion is denied.

## IV.  CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here the Court does not find that reasonable jurists could disagree about whether the Petitioner's Motion is untimely or that his underlying constitutional claims of ineffective assistance of counsel are meritless. Accordingly, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, the Court DENIES Petitioner-Defendant Levi J. Sloan's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 24) and Motion to Access Court Documents (d/e 31). The Court DECLINES to issue a certificate of appealability. The Clerk is DIRECTED and enter Judgment in favor of Respondent and close the accompanying administrative case 21-cv-4115.

Signed on this 23rd day of December 2021.

/s/ *Sara Darrow*
Sara Darrow
Chief United States District Judge

**NOTICE**

Petitioner is informed that if he wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit. If Petitioner chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 60 days from the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The deadline can be extended for a short time only if Petitioner files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. Fed. R. App. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Petitioner will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Therefore, Petitioner must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Petitioner cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal in forma pauperis ("IFP motion") along with a recent statement for his prison trust fund account. *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

On the other hand, if Petitioner wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion

must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Petitioner showing excusable neglect or good cause.